## NAYLOR v. STATE.

(Division A. Sept. 29, 1930.)

[130 So. 102. No. 28676.]

Jas. **A**. **Wiltshire**, of Magnolia, and **Broom** & **Gober**, of Jackson, for appellant.

**W**. **A**. **Shipman**, Assistant Attorney-General, for the state.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a conviction for the violation of section 8, chapter 116, Laws 1916, Hemingway's Code 1927, section 6686, which provides that: ''Wherever a person operating a motor vehicle, . . '. shall meet on a public highway any other person . . . driving . . . any other vehicle, the person so operating such motor vehicle, . . . shall reasonably turn . . . to the right of the center of such highway, . . . so as to pass without interference.'' The case was begun before a justice of the peace, and when pending in the circuit court on appeal, the affidavit was demurred to, but no ruling appears thereon.

After alleging that the appellant was driving an automobile on a public highway and met another coming in an opposite direction, the affidavit proceeds as follows:

"Did, then and there . . . wilfully, unlawfully, recklessly and negligently failed and refused to turn the motor vehicle which he, the aforesaid, J. S. Naylor, was driving and operating to the right of the center of said highway sufficiently to allow and permit the motor vehicle being driven and operated by the said Miss Doris McDaniel to pass without interference. . . ."

One of the appellant's contentions is that the affidavit is so defective that it fails to allege the commission of a crime. In support of this contention, it is said that the statute imposes the duty on the drivers of both automobiles when meeting on a public road to keep to the right of the center of the road, and if both do this, neither will interfere with the passage of the other; that this affidavit imposes a greater duty upon the appellant, in that it required him to drive sufficiently far to the right of the center of the road as not to interfere with the passing of the two automobiles, although the driver of the one he was meeting may not have turned to his right of the center of the road, but was driving on the appellant's right of the center of the road. It will not be necessary for us to express an opinion on this, for the affidavit, if defective, is sufficient for the purposes of res judicata.

Over the appellant's protest, the state proved that he was exceeding the speed limit at the time his automobile collided with the other. This evidence should not have been admitted. The speed of the automobile had no bearing on the charge that the appellant was driving on the wrong side of the road, and, if excessive, constitutes a separate crime under section 2, chapter 116, Laws 1916, Hemingway's Code 1927, section 6680.

Reversed and remanded.